Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 5127 | **DATE** | August 2, 2011 |
| **CASE TITLE** | Paul Magsby (#2010-1225073) v. Teague, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to file *in forma pauperis* [6] is granted. The Court authorizes and orders Cook County Jail officials to deduct $14.83 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608. However, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(b)(1) for failure to state an actionable federal claim and lack of federal subject matter jurisdiction. The case is terminated. All other pending motions are denied as moot. This dismissal counts as one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

■[For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff, Paul Magsby, a pretrial detainee at Cook County Jail, seeks to bring this suit *in forma pauperis*. Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $6.33. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

However, under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a suit brought *in forma pauperis* at any time if the Court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, even accepting Plaintiff's factual allegations as true, the Court finds that the complaint fails to state an actionable federal claim as a matter of law.

Plaintiff contends that his defense attorney, an appointed public defender, is not properly defending him in his state-criminal proceeding. Even if Plaintiff's defense counsel's alleged actions violated state law and/or professional ethics, Plaintiff cannot recover under 42 U.S.C. § 1983. To be liable under the Civil Rights Act, an individual must have both acted under color of state law and violated a constitutional right. *Burrell v. City of Mattoon*, 378 F.3d 642, 647 (7th Cir. 2004). In this case, Plaintiff is not suing a state official; rather, he is suing his appointed public defender and the public defender office. Defense attorneys, whether state public defenders or privately retained counsel, are not "state actors" and therefore cannot be sued for damages under the Civil Rights Act. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *see also Cornes v. Munoz*, 724 F.2d 61, 63 (7th Cir. 1983); *Chapman v. Burton Berger & Associates, Ltd.*, 159 B.R. 812, 8 (N.D. Ill. 1993), *aff'd* 46 F.3d 1133 (7th Cir. 1995), *cert. denied*, 516 U.S. 853 (1995). Plaintiff's claims are therefore not actionable under 42 U.S.C. § 1983.

| STATEMENT |
|---|

Although the Court is required to construe the *pro se* complaint liberally, the Court discerns no alternative basis for federal jurisdiction, such as the implication of another federal statute or diversity of citizenship between the parties. Any cause of action for legal malpractice, negligence, breach of fiduciary duty, or any other tort must be brought in state court.

For the foregoing reasons, this suit is dismissed for failing to state a federal claim and lack of federal subject matter jurisdiction. The dismissal entered here is without prejudice to pursuing any avenues of relief that may be available in state court.

Plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(c). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate another "strike."

*James F. Holderman*